# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **NOAH C. FULLER, JR.**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:07CV00018 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MICHAEL HOLLAND, ET AL.**, | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

*Allison Mullins, Lee & Phipps, PC, Wise, Virginia, for Plaintiff; John E. Jessee, Jessee, Read & Ely, P.C., Abingdon, Virginia, and Abigail A. Browne, Associate Counsel, UMWA Health & Retirement Funds, Washington, D.C., for Defendants.*

In this action seeking disability pension benefits from the United Mine Workers of America 1974 Pension Trust, I find that the trustees did not abuse their discretion and affirm their decision denying the plaintiff's claim.

## I. BACKGROUND.

Noah C. Fuller, Jr., filed this action on March 30, 2007, challenging the final decision of the United Mine Workers of America 1974 Pension Trust ("1974 Pension Trust") denying his claim for a disability pension under the provisions of the United Mine Workers of America 1974 Pension Plan ("1974 Pension Plan"). The defendants ("Trustees") are the trustees of the 1974 Pension Trust and plan administrators and

fiduciaries of the 1974 Pension Plan. Fuller's cause of action arises under the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. §§ 1001-1461 (West 1999 & Supp. 2007) ("ERISA"), and jurisdiction of this court exists pursuant to 29 U.S.C.A. § 1132(f).

The defendant Trustees have filed the record of their determination of Fuller's claim for a pension,[1] and the parties have briefed cross-motions for summary judgment based on that record, pursuant to Federal Rules of Civil Procedure 56. The case is thus ripe for decision.

## II. STANDARD OF REVIEW.

The standard of review of a decision made by fiduciaries of an ERISA-controlled benefit plan generally is de novo. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Where the plan gives the fiduciaries discretion to determine benefit eligibility or to construe plan terms, however, the standard of review is whether the trustees abused their discretion. *See Booth v. Wal-Mart Stores, Inc. Assocs. Health & Welfare Plan*, 201 F.3d 335, 342 (4th Cir. 2000). When

---

[1] The plaintiff's pension file, which is kept by the Trustees and upon which they determined his claim, is hereafter referred to as "R." The plaintiff does not dispute the authenticity or completeness of the copy of the pension file submitted to the court.

- 2 -

evaluating the reasonableness of a fiduciary's discretionary decision, the court may consider the following factors:

> (1) the language of the plan; (2) the purposes and goals of the plan; (3) the adequacy of the materials considered to make the decision and the degree to which they support it; (4) whether the fiduciary's interpretation was consistent with other provisions in the plan and with earlier interpretations of the plan; (5) whether the decisionmaking process was reasoned and principled; (6) whether the decision was consistent with the procedural and substantive requirements of ERISA; (7) any external standard relevant to the exercise of discretion; and (8) the fiduciary's motives and any conflict of interest it may have.

*Id.* at 342-43.

The Fourth Circuit has adopted the abuse of discretion standard of review for decisions under the 1974 Pension Plan. *See Boyd v. Trs. of the UMW Health & Ret. Funds*, 873 F.2d 57, 59 (4th Cir. 1989). In exercising their discretion under the 1974 Pension Plan, the Trustees are obligated to pay legitimate claims and to guard trust assets against improper ones. *See Sargent v. Holland*, 114 F.3d 33, 35 (4th Cir. 1997). If substantial evidence supports the Trustees' decision, then the determination must be affirmed. *See Brogan v. Holland*, 105 F.3d 158, 161 (4th Cir. 1997). "Substantial evidence . . . is evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Such evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id*.

The 1974 Pension Plan defines the relevant eligibility requirements for a disability pension and states:

> A Participant who . . . becomes totally disabled as a result of a mine accident . . . shall, upon retirement . . . be eligible for a pension while so disabled. A Participant shall be considered to be totally disabled only if by reason of such accident such Participant is subsequently determined to be eligible for Social Security Disability Insurance Benefits . . . .

1974 Pension Plan, art. IIC. (Mem. Supp. Defs.' Mot. Summ. J. Ex. A at 5.)

Accordingly, a claimant seeking a disability pension under the 1974 Pension Plan must establish that (1) he was involved in a mine accident, (2) he has been awarded social security disability insurance ("SSDI") benefits, and (3) the SSDI award was based on a disability caused by the mine accident. The mine accident must have "proximately caused" or be "substantially responsible" for the disability, even though it may have acted in combination with a previous or subsequent condition. *Boyd*, 873 F.2d at 59-60; *Robertson v. Connors*, 848 F.2d 472, 475 (4th Cir. 1988).

Under the deferential standard applicable to this case, the court is limited to the evidence that was before the Trustees at the time of their decision. *See Sheppard & Enoch Pratt Hosp., Inc. v. Travelers Ins. Co.*, 32 F.3d 120, 125 (4th Cir. 1994).

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.

- 4 -

Civ. P. 56(c). Where the court must decide the case on the basis of an administrative record, "the summary judgment motion stands in a somewhat unusual light, in that the administrative record provides the complete factual predicate for the court's review." *Krichbaum v. Kelley*, 844 F. Supp. 1107, 1110 (W.D. Va. 1994), *aff'd*, No. 94-1496, 1995 WL 449668 (4th Cir. July 31, 1995) (unpublished). Because the factual record is closed, the "plaintiff's burden on summary judgment is not materially different from his ultimate burden on the merits." *Id.* "To survive summary judgment, then, plaintiff must point to facts in the administrative record—or to factual failings in that record—which can support his claims under the governing legal standard." *Id.*

## III. FACTS.

Fuller was employed as a coal miner by Big Track Coal Company on March 9, 1988, when he was injured while operating a scoop. He "hit a hole," causing him to be thrown up in the air and down on the seat of the scoop. (R. 211.) He suffered pain to his neck and lower back, radiating into his right leg. While he worked the rest of that day, Fuller asserts he did not return to work thereafter, although his employer reported that he was employed for approximately one month after the accident. The coal mine closed permanently in February of 1989. At the time of the accident, Fuller was forty-three years old, and had worked as a coal miner for fourteen years.

- 5 -

On April 22, 1988, Fuller was awarded workers' compensation benefits, beginning March 17, 1988, on account of "[m]uscle strain lower back and neck." (R. 24.) His workers' compensation benefits lasted until June of 1990, when they were terminated after a medical evaluation.

Fuller initially applied for SSDI benefits on March 17, 1989, listing his disabilities as back problems, lung problems, chest pain, and shortness of breath. After a hearing, an administrative law judge denied the application on January 31, 1990. Fuller appealed, and this court remanded the case for further consideration. *Fuller v. Sullivan*, No. 91-0046-B (W.D. Va. Nov. 7, 1991).

Another hearing was held before an administrative law judge, and on October 5, 1992, Fuller request for benefits was again denied. He again appealed and this court affirmed the Social Security Administration's denial of SSDI benefits. *Fuller v. Shalala*, No. 93-0270-B (W.D. Va. Sept. 27, 1994).

Fuller once again sought SSDI benefits, this time claiming disability due to "rheumatoid arthritis, back and neck injury, pain in his back and neck, swelling of the prostate, memory and concentration problems, numbness of his hands and legs, and dizzy spells." (R. 41.) After a hearing before an administrative law judge, his application was denied on March 8, 1996. This decision was remanded by the Social Security Administration's Appeals Council and after further consideration, an

administrative law judge found that Fuller had been disabled within the meaning of the Social Security Act since March 11, 1997, "but not prior thereto." (R. 63.) The administrative law judge determined that Fuller had a degenerative joint disease of the lumbar spine, but that "the record does not demonstrate the existence of a significant back impairment." (R. 58.) The administrative law judge found, however, that based on an evaluation by Dr. Russell D. McKnight, a psychiatrist, Fuller was currently disabled on account of a mental impairment, namely "an anxiety depressive syndrome with anxiety secondary to chronic pain and depression NOS." (R. 61.) Dr. McKnight found that Fuller had described "severe nervousness only over the past two to three years, and that his depression had progressed and become more severe." (*Id.*)

In an application dated January 11, 2002, Fuller sought a disability pension under the 1974 Pension Plan. By a decision dated February 26, 2004, his application was denied. Fuller sought reconsideration, which was denied by the Trustees on May 3, 2005. The Trustees found that Fuller's back problems are due to degenerative joint disease, a progressive disorder that cannot be attributable to the 1988 mine accident. In addition, the Trustees relied upon the long-delayed onset of Fuller's mental impairment in rejecting it as a proximate result of the accident.

This action followed.

Case 2:07-cv-00018-JPJ-PMS   Document 23   Filed 10/31/07   Page 7 of 9   Pageid#: 287

## IV. ANALYSIS.

Fuller contends that the Trustees' denial of his application for a disability pension was not based on substantial evidence. In particular, Fuller points to the opinion of one of his treating physicians, Dr. Modi, that directly linked his disability to the 1988 mine accident.

It is true that in a series of workers' compensation reports up to October 29, 1991, Dr. K.V. Modi expressed the opinion that Fuller was disabled "indefinitely" due to his back pain following the accident. (R. 171, 176-79, 208-09, 224-25.) In a note dated November 22, 1996, Dr. Modi reiterated the opinion that Fuller was permanently disabled because of the 1988 mine accident. However, another treating physician, J. Thomas Hulvey, M.D., an orthopedic specialist to whom Fuller was referred by Dr. Modi, found X rays to show only "some mild degenerative change consistent with [Fuller's] age and activity" (R. 185) and expressed doubt as to whether Fuller's back condition was in fact disabling. (R. 201.)

Dr. McKnight, the psychiatrist on whose evaluation the Social Security determination was based, opined that Fuller's depression was "due to loss of status as a competitive worker and his relative sense of invalidism." (R. 283.) Dr. McKnight also reported, however, that three of Fuller's brothers suffered from depression and had been admitted to psychiatric hospitals.

A psychologist who evaluated Fuller at about the same time, Bede Pantaze, found Fuller to be alcohol dependent ("He may drink up to a case of beer a day") (R. 296), while Dr. McKnight only reported that Fuller "describes himself as an occasional social drinker." (R. 282.) Psychologist Pantaze declined to diagnosis Fuller as depressive in light of his excessive use of alcohol.

In addition to resolving these differences in medical opinion, the Trustees were also justified in considering the proximity of the date of disability to the date of the mine accident in determining the issue of causation. *See Robertson*, 848 F.2d at 475 n.5; *Horn v. Mullins*, 650 F.2d 35, 37 (4th Cir. 1981). The fact that Fuller's disability was not established until nine years after the accident, coupled with the medical record, provides substantial evidence in support of the Trustees' decision.

## V. CONCLUSION.

For the foregoing reasons, the defendants' Motion for Summary Judgment will be granted and final judgment entered in their favor.

                                DATED: October 31, 2007

                                /s/ JAMES P. JONES
                                Chief United States District Judge